# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE DAVIS,<br><br>                 Plaintiff,<br><br>    v.<br><br><br>SEVEN OAKS MEDICAL GROUP, PANKAJ SHUKLA, M.D., and DOES 1 - 10 et al,<br><br>                 Defendants. | 1:14-CV-00669-LJO-JLT<br><br>**ORDER ON MOTION TO DISMISS**<br>(Doc. 8) |

## INTRODUCTION

Plaintiff Bonnie Davis ("Davis") brings this action against Defendants Seven Oaks Medical Group ("Seven Oaks") and Pankaj Shukla (Shukla) (collectively, "Defendants") for violations of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq*., ("ADA"), the Rehabilitation Act of 1973, 29 U.S.C. 701, *et seq*., ("Rehabilitation Act"), California's Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq., ("Unruh Act"), and California's Disabled Persons Act, Cal. Civ. Code § 54.1, *et seq*., ("CDPA").  Now before the Court is Defendants' motion to dismiss Davis' complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons discussed below, this Court DENIES Defendants' motion.

## BACKGROUND

### A.    Facts[1]

Davis has physical and mental disabilities, uses an electric wheelchair for mobility, and experiences anxiety and panic attacks.  Davis also utilizes a service dog, who, among other things, is individually trained to sense changes in Davis' body and alerts her when she is beginning to have a

---

[1] The background facts are derived from the first amended complaint.  The Court accepts the factual allegations as true for purposes of this motion.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

1  panic or anxiety attack.  This alert allows Davis to take additional medication and mitigate the effects
2  of the oncoming attack.

3      In late 2012, Davis was in need of a new doctor.  On January 22, 2013 and February 20, 2013,
4  Davis visited Shukla at Seven Oaks for the purpose of receiving medical treatment.  Davis was
5  accompanied by her service dog at both visits.

6      Shukla and Seven Oaks participate in Medicare and Medicaid and receive federal financial
7  assistance through clients and patients who qualify for such aid.

8      After Davis' February 20, 2013 visit with Shukla, Seven Oaks' office manager Nancy informed
9  Davis that her appointments would be restricted to 4:00 P.M. in the future because Davis is
10  accompanied by her service animal.

11      Davis uses an accessible transportation serviced called "Get a Lift" to get to and from medical
12  appointments.  Around the 4:00 P.M. appointment time, Get a Lift is very busy and rides are difficult
13  to come by.  Davis must wait up to 90 minutes when trying to get a ride at this time of the day.  Davis
14  alleges that, as a result of the limitation placed upon her appointment time because she uses a service
15  animal, she has been and continues to be deterred from visiting Shukla and Seven Oaks to obtain
16  medical care.

17      In January 2014, Davis sent a letter to Shukla asking him to allow her to select from a variety
18  of appointment times and advising him that placing an arbitrary limit on her appointments due to her
19  use of a service animal was discriminatory.  Shukla responded with a letter to Davis dated February 10,
20  2014 refusing her requested accommodation and asking her to find a new doctor.

21  **B.      Procedural History**

22      On May 5, 2014, Davis filed her original complaint against Defendants.  (Doc. 1).  Defendants
23  filed a motion to dismiss Davis' original complaint on May 29, 2014.  (Doc. 5).  Davis filed the
24  operative first amended complaint on June 18, 2014.  (Doc. 6).

25      Defendants filed the instant motion to dismiss the amended complaint for failure to state a
26  claim pursuant to Fed. R. Civ. P. 12(b)(6) on July 1, 2014.  (Doc. 8).  Davis filed an opposition on July
27  15, 2014.  (Doc. 9).  Defendants did not file a reply.

28  **DISCUSSION**

1          **Motion to Dismiss**

2  **A.          12(b)(6) Failure to State a Claim**

3          **1.          Legal Standard**

4          A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of

5  the allegations set forth in the complaint.  A dismissal under Rule 12(b)(6) is proper where there is

6  either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

7  cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  "On a

8  motion to dismiss for failure to state a claim, the court must presume all factual allegations of the

9  complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v.*

10 *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (citing *Western Reserve Oil & Gas Co. v. New*,

11 765 F.2d 1428, 1430 (9th Cir. 1985); *Sprewell*, 266 F.3d at 988.

12         To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough

13 facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

14 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

15 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

16 *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability

17 requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

18 (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are merely consistent with a

19 defendant's liability, it stops short of the line between possibility and plausibility for entitlement to

20 relief" *Id.* (citing *Twombly*, 550 U.S. at 557).

21         "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

22 factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires

23 more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

24 not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  Thus, "bare assertions ... amount[ing]

25 to nothing more than a formulaic recitation of the elements ... are not entitled to be assumed true."

26 *Iqbal*, 129 S.Ct. at 1951.  A court is "free to ignore legal conclusions, unsupported conclusions,

27 unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm*

28 *Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (internal citation omitted).

Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1106 (7th Cir. 1984)).

To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc*., 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## 2.     Analysis

### i.     ADA Claim

In her first cause of action, Davis alleges that Defendants discriminated against her on the basis of her disability in violation of Title III of the ADA.

Title III of the ADA provides as follows:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

"To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc*., 603 F.3d 666, 670 (9th Cir. 2010) (citing *Molski v. M.J. Cable, Inc*., 481 F.3d 724, 730 (9th Cir. 2007)). The parties do not dispute whether Davis' allegations sufficiently show that she is disabled within the meaning of the ADA or that Defendants own, lease, or operate a place of public accommodation.

Defendants challenge the sufficiency of Davis' pleadings in alleging that she was denied public accommodations by Defendants on the basis of her disability. Specifically, Defendants assert

4

that Davis' allegations are insufficient as a matter of law because she does not allege that she unsuccessfully attempted to return to Shukla's office as a result of the 4:00 P.M. appointment time restriction.  (Doc. 8 p. 6).

First, under the ADA, providing an unequal opportunity to benefit, as well as outright denial of the opportunity to benefit, to a disabled person on the basis of his or her disability constitutes unlawful discrimination.  Title III of the ADA describes unequal opportunity to benefit as a form of prohibited discrimination.  The statute provides, in relevant part:

> It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class . . . with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation **that is not equal to** that afforded to other individuals.

42 U.S.C. § 12182(b)(1)(A)(ii) (emphasis added).  Davis alleges in her first cause of action that Defendants provided her with unequal opportunity to benefit by limiting her to the 4:00 P.M. appointment time on the basis of her disability and use of a service animal.  (Compl. ¶ 25). Defendants' alleged conduct on its face appears to violate § 12182(b)(1)(A)(ii)'s prohibition against unequal opportunity to benefit.

Second, to the extent that Defendants challenge the sufficiency of Davis' complaint in alleging the denial of opportunity to benefit because she did not describe subsequent attempts to return to Seven Oaks, Defendants' argument fails.  Davis alleges that she asked Shukla to allow her to select from a variety of appointment times rather than the 4:00 P.M. appointment time to which she was restricted because of her use of a service animal.  (Compl. ¶ 17).  In response, Defendant Shukla refused to allow her to select from appointment times and advised her to find a new doctor.  *Id*.  Davis' allegations show that, when she asked Shukla to remove the discriminatory restriction placed upon her, he refused and indicated that he will no longer extend to her the opportunity to benefit from his medical care services.  This gives rise to a reasonable inference that Davis was denied an opportunity to benefit from Defendants' services in violation of Title III of the ADA.  42 U.S.C. § 12182(b)(1)(A)(i).

Therefore, accepting Davis' factual allegations as true, she has stated sufficiently each prong of a prima facie claim for discrimination in violation of Title III of the ADA.  *Arizona ex rel. Goddard*,

1    603 F.3d at 670.[2]   Accordingly, Defendants' motion to dismiss Davis' first cause of action is DENIED.

2                          ii.          **Rehabilitation Act Claim**

3            In her second cause of action, Davis alleges that Defendants violated the Rehabilitation Act §

4    504 by limiting her appointment time to 4:00 P.M. thereby discriminating against her on the basis of

5    her disability.  (Compl. ¶ 31).

6            The Rehabilitation Act provides, in relevant part, that:

7            No otherwise qualified individual with a disability in the United States, as defined in
             section 705(20) of this title, shall, solely by reason of her or his disability, be
8            excluded from the participation in, be denied the benefits of, or be subjected to
             discrimination under any program or activity receiving Federal financial assistance[.]
9

10   29 U.S.C.A. § 794.

11           Borrowing from the ADA, § 705(20) of the Rehabilitation Act defines the term "individual

12   with a disability" for the purposes of the relevant provisions as "any person who has a disability as

13   defined in section 12102 of Title 42."  29 U.S.C.A. § 705(20)(B).

14           The Rehabilitation Act defines "program" as "an entire corporation, partnership, or other

15   private organization, or an entire sole proprietorship which is principally engaged in the business of

16   providing education, health care, housing, social services, or parks and recreation."  29 U.S.C.A. §

17   794(3)(A)(ii).

18           "Section 504 creates a private right of action for individuals subjected to disability

19   discrimination by any program or activity receiving federal financial assistance[.]"  *Fleming v. Yuma*

20   *Reg'l Med. Ctr.*, 587 F.3d 938, 940 (9th Cir. 2009) (citing *Kling v. Los Angeles County*, 633 F.2d 876,

21   878 (9th Cir. 1980)).  "A plaintiff bringing suit under § 504 must show (1) he is an individual with a

22   disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the

23   program solely by reason of his disability; and (4) the program receives federal financial assistance."

24   *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (citing *Weinreich v. Los Angeles County*

25   _____

26   [2] Defendants' reliance on *Roe v. Providence Health Systems – Oregon* is also misplaced.  655 F.Supp.2d 1164, 1166.  The
     ADA discrimination claim in that case went to trial, and the court made findings of law and fact based on the evidence
27   presented at trial.  *Id.*  It would be wholly inopposite to apply the court's case-specific conclusions, based on facts proven at
     that trial, to the instant case.  If anything, analogizing to *Roe* only shows the need for discovery in such cases where the
28   alleged discriminatory conduct relies on the assessment of facts and details that are not required at the motion to dismiss
     stage.

                                                        6

*Metropolitan Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)).  "Discrimination under the ADA or RA exists where the action results in unequal treatment of the disabled based upon their disability such that the disabled are not afforded equal access to public services."  *Safe Air for Everyone v. Idaho*, 469 F. Supp. 2d 884, 890 (D. Idaho 2006).

Davis alleges that she has mental and physical disabilities and is disabled within the meaning of the ADA as borrowed by Rehabilitation Act § 705(20)(B).  (Compl. ¶ 4).  Davis' allegations show that she was qualified to and did receive the medical care benefits of the Defedants' practice.  (Compl. ¶ 13).  As discussed above, Davis' allegations also show that Defendants provided her with an unequal opportunity to benefit on the basis of her use of a service animal for her disabilities and, when she requested the appointment restriction be removed, denied her the opportunity to benefit going forward. (Compl. ¶¶ 14, 17, 31).  Davis further alleges that Defendants participate in Medicare and Medicaid, and are therefore recipients of federal financial assistance.  (Compl. ¶ 12).  Finally, Davis' allegations indicate that Seven Oaks and Shukla are principally engaged in the business of providing health care. (Compl. ¶¶ 5, 11-13); 29 U.S.C.A. § 794(3)(A)(ii).

Therefore, accepting Davis' factual allegations as true, she has pleaded sufficiently each required element of a claim for discrimination in violation of the Rehabilitation Act § 504.  *Duvall*, 260 F.3d at 1135 (citing *Weinreich*, 114 F.3d at 978).  Accordingly, Defendants' motion to dismiss Davis' second cause of action is DENIED.

### iii.       Pendent State Law Claims

### 1.       Unruh Act Claim

California's Unruh Civil Rights Act broadly provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their [] disability[], are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51(a).  The Unruh Act also provides that "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of this section."  Cal. Civ. Code § 51(f).

Davis' allegations indicate and Defendants do not contest that Defendants are a "business establishment" engaged in the business of providing medical care and are thus subject to the Unruh

1    Act.

2         Because, as discussed above, Davis sufficiently alleges a prima facie claim for

3    discrimination in violation of Title III of the ADA, Davis also states a claim for violation of the Unruh

4    Civil Rights Act.   *Id*.   Therefore, Defendants' motion to dismiss Davis' third cause of action is

5    DENIED.

6                              **2.       CDPA Claim**

7         California's Disabled Persons Act provides, in relevant part, that

8         Individuals with disabilities shall be entitled to full and equal access, as other members
          of the general public, to accommodations, advantages, facilities, medical facilities,
9         including hospitals, clinics, and physicians' offices . . . and other places to which the
          general public is invited, subject only to the conditions and limitations established by
10        law, or state or federal regulation, and applicable alike to all persons.

11

12   Cal. Civ. Code § 54.1(a)(1).   The CDPA further provides that "[a] violation of the right of an

13   individual under the Americans with Disabilities Act of 1990 also constitutes a violation of this

14   section, and nothing in this section shall be construed to limit the access of any person in violation of

15   that act."  Cal. Civ. Code § 54(d).

16        Davis' allegations indicate and Defendants do not contest that Defendants operate

17   "physicians' offices" and are therefore subject to the provisions of the CDPA.

18        Because, as discussed above, Davis sufficiently alleges a claim for discrimination in

19   violation of Title III of the ADA, Davis also states a claim for violation of the CDPA.  *Id*.  Therefore,

20   Defendants' motion to dismiss Davis' fourth cause of action is DENIED.

21                         **CONCLUSION AND ORDER**

22        For the reasons discussed above, the Court DENIES Defendants Seven Oaks Medical Group

23   and Pankaj Shukla's motion to dismiss Plaintiff Bonnie Davis' first amended complaint for failure to

24   state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

25   IT IS SO ORDERED.

26   Dated:  __**August 8, 2014**__                    ____**/s/ Lawrence J. O'Neill**____
                                                        UNITED STATES DISTRICT JUDGE
27

28
                                          8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28